**RECORD NO. 10-4179**

In The
# United States Court of Appeals
### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

v.

## RANDY CECIL PHILLIPS,

*Defendant – Appellant.*

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA AT ASHEVILLE

### BRIEF OF APPELLANT

**Claire J. Rauscher**
**Executive Director**
**FEDERAL DEFENDERS OF**
  **WESTERN NORTH CAROLINA, INC.**

**\*Ann L. Hester**
**Assistant Federal Defender**
**129 West Trade Street, Suite 300**
**Charlotte, North Carolina  28202**
**(704) 374-0720**

*Counsel for Appellant*
*\*Counsel of Record*

**THE LEX GROUP** ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA  23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

NATURE OF THE APPEAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    I.    THE OFFENSE CONDUCT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    II.    SENTENCING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    THE DISTRICT COURT'S SENTENCE IS PROCEDURALLY
    AND SUBSTANTIVELY UNREASONABLE . . . . . . . . . . . . . . . . . . . . . 7

    A.    STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    B.    DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        1.    Procedural Reasonableness . . . . . . . . . . . . . . . . . . . . . . . . 8

        2.    Substantive Reasonableness . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Anders v. California*,
    386 U.S. 738 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Gall v. United States*,
    552 U.S. 38 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*McCoy v. Wisconsin*,
    486 U.S. 429 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Penson v. Ohio*,
    488 U.S. 75 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Rita v. United States*,
    551 U.S. 338 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*United States v. Carter*,
    564 F.3d 325 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Evans*,
    526 F.3d 155 (4th Cir.), *cert. denied*,
    129 S. Ct. 476 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11

*United States v. Go*,
    517 F.3d 216 (4th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Hernandez*,
    ___ F.3d ___, 2010 WL 1695606 (4th Cir. Apr. 27, 2010) . . . . . . . . . . . . 10

*United States v. Pauley*,
    511 F.3d 468 (4th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## **STATUTES**

18 U.S.C. § 922(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

18 U.S.C. § 922(d)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 922(g)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 3231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 3553(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

18 U.S.C. § 3553(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

18 U.S.C. § 3553(a)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

18 U.S.C. § 3553(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

18 U.S.C. § 3742(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

21 U.S.C. § 841(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

21 U.S.C. § 851 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## **GUIDELINES**

U.S.S.G. § 2K2.1(a)(4)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

U.S.S.G. § 2K2.1(b)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

U.S.S.G. § 2K2.1(b)(4)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

U.S.S.G. § 2K2.1(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## NATURE OF THE APPEAL

Appellant Randy Cecil Phillips is submitting this Brief to the Court under the decision rendered in *Anders v. California*, 386 U.S. 738 (1967), as more fully explained in *McCoy v. Wisconsin*, 486 U.S. 429 (1988), and *Penson v. Ohio*, 488 U.S. 75 (1988).

Undersigned counsel has determined, after a careful examination of the record in Phillips' case, that Phillips has no meritorious grounds for direct appeal. Counsel has set forth below the only issue which she believes presents any arguable basis for relief.

## STATEMENT OF JURISDICTION

The United States District Court for the Western District of North Carolina had jurisdiction under 18 U.S.C. § 3231, because the Bill of Indictment charged Phillips with offenses against the laws of the United States. Bill of Indictment (Doc. #1) at 1-2. The district court entered its final, written judgment on February 8, 2010. Judgment (Doc. # 18) at 1. Phillips timely filed Notice of Appeal on February 14, 2010. Notice of Appeal (Doc. # 21) at 1. This Court has jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE

Whether Phillips' sentence was procedurally and substantively unreasonable.

## STATEMENT OF THE CASE

The Government charged Randy Cecil Phillips in a three-count Bill of Indictment filed in the United States District Court for the Western District of North Carolina, Asheville Division, on February 17, 2009. Bill of Indictment (Doc. #1) at 1-2. The Bill of Indictment charged that, on or about December 3, 2008, Phillips (1) possessed more than 5 grams of cocaine base with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1); (2) possessed two firearms after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1); and (3) sold two firearms to a person with knowledge or reasonable cause to believe that the person had been convicted of a crime punishable by more than a year's imprisonment, in violation of 18 U.S.C. § 922(d)(1). *Id.* On March 5, 2009, the government filed an Information under 21 U.S.C. § 851 alleging that Phillips had been convicted previously of two felony drug offenses. Information (Doc. # 5) at 1.

Phillips entered into a plea agreement with the government on March 26, 2009, in which he agreed to plead guilty to Count One and Count Three, and the government agreed to move to dismiss Count Two. Plea Agreement (Doc. #9) at 1. The parties agreed to recommend that the district court find that "[t]he amount of cocaine base that was known or reasonably foreseeable by the defendant was in excess of 5 grams but less than 20 grams." *Id.* at 2. Phillips also waived his right

to contest his conviction or sentence except for claims of ineffective assistance of counsel and prosecutorial misconduct. *Id.* at 5.

On March 30, 2009, the district court accepted Phillips' guilty plea. Transcript of Rule 11 Hearing at 20 (Doc. # 26). On January 22, 2010, the district court sentenced Phillips to 120 months' imprisonment on Counts One and Three, to be served concurrently, and 8 years' supervised release on Count One, to run concurrently with 3 years' supervised release on Count Three. Transcript of Sentencing Hearing at 17-18 (Doc. #27).

## STATEMENT OF THE FACTS

### I.   THE OFFENSE CONDUCT

Sheriff's deputies from the Caldwell County, North Carolina, Sheriff's Department went to Phillips' residence on July 10, 2008, in an attempt to serve outstanding warrants on him. Final Presentence Investigation Report ("PSR") (Doc. #15) at 3. Phillips was not at home, but the officers met Melissa and Michael Bowling, who said that they were visiting overnight. *Id.* Melissa Bowling had controlled substances in her possession and admitted that she had additional controlled substances in Phillips' home. *Id.* Officers conducted a "protective sweep" of the residence, where they opened a closet door and saw items commonly used to manufacture methamphetamine. *Id.* The officers then secured the residence and obtained a search warrant, which they executed that

3

same day. *Id.* Officers found three firearms, drug paraphernalia, and a half-gram or less of methamphetamine, psilocin, and marijuana. *Id.* at 4.

On July 24, 2008, investigators interviewed Phillips, who admitted selling cocaine and LSD, but denied selling methamphetamine, although he admitted using it. *Id.* He admitted owning one of the firearms found in his house. *Id.* Following the interview, agents continued investigating Phillips.

On December 3, 2008, officers interviewed Christopher Evans, who told them Phillips had contacted him earlier that day, asked him if he wanted to buy a .38 caliber revolver and a 9mm pistol, and told him he had the guns at his home. *Id.* at 5. Later that same day, Evans went to Phillips' home at the direction of case agents and purchased a .38 revolver, a 9mm pistol, and 6.4 grams of cocaine base from Phillips in exchange for $700. *Id.* Evans "asked Phillips if either of the guns were 'hot' (stolen), noting he did not need any extra 'heat' due to his criminal record." *Id.*

According to the probation officer, one witness reported purchasing methamphetamine and powder cocaine from Phillips and stated that Phillips carried a firearm or kept one nearby during transactions. *Id.* at 4-5. Another witness reported buying drugs from Phillips and never seeing Phillips carrying a gun while dealing in methamphetamine or cocaine. *Id.* at 6.

4

## II.    SENTENCING

In the final PSR, the probation officer applied the offense level applicable to Count Three, the sale of firearms to a convicted felon, because that was the count with the highest offense level. *Id.* at 8. The PSR recommended a base offense level of 20 under USSG § 2K2.1(a)(4)(B) because "the offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine and the defendant was a prohibited person at the time of the offense," and because the offense was a violation of 18 U.S.C. § 922(d). *Id.* at 9. The PSR then added two levels under section 2K2.1(b)(1)(A), because "the offense involved at least three but no more than seven firearms," and it added an additional four levels under section 2K2.1(b)(4)(B) because "[t]he defendant possessed a stolen firearm and a firearm with an altered serial number." *Id.* The PSR also added four more levels under section 2K2.1(b)(6) on the grounds that the defendant possessed the firearm in connection with the felony offense of possession with intent to distribute cocaine base, giving an adjusted offense level of 30. *Id.* After a three-level downward adjustment for acceptance of responsibility, the PSR recommended a total offense level of 27, a criminal history category of IV, and a guideline range of 120 to 125 months' imprisonment because of the application of the statutory mandatory minimum sentence of 120 months' imprisonment. *Id.* at 22.

5

In addition to objecting to several factual assertions in the PSR, Phillips objected to the addition of a two-level enhancement to the offense level applicable to Count One for possession of a firearm in connection with drug distribution, on the grounds that he did not use firearms in connection with the sale of drugs. *Id.* at 27. He also objected to the application of a four-level enhancement for possession of a firearm in connection with another felony offense with respect to Count Three. *Id.* at 28. The PSR noted that if these objections were sustained, Phillips would still be subject to a mandatory minimum sentence of 120 months' imprisonment. *Id.*

At sentencing, the district court overruled Phillips' objections to the PSR. Transcript of Sentencing Proceeding at 13. The court found Phillips' offense level to be 27, with a criminal history category of IV, which yielded a guidelines sentencing range of 120 to 125 months because of the statutory mandatory minimum sentence of 120 months' imprisonment. *Id.* at 14.

Phillips' counsel asked the court to sentence him to the mandatory minimum sentence of 120 months' imprisonment, and the government did not ask for a higher sentence. *Id.* at 14-15. The court noted the narrow sentencing range because of the application of the mandatory minimum but stated that a sentence within the guideline range was appropriate and fulfilled the purposes of sentencing under section 3553(a). *Id.* at 16-17. The court then sentenced Phillips to 120

months on Counts One and Three, to be served concurrently, and to a term of 8 years of supervised release upon his release from imprisonment. *Id.* at 17-18.

## SUMMARY OF ARGUMENT

Phillips argues that his sentence must be vacated, because the district court failed to address his sentencing arguments and erroneously sentenced him to 120 months' imprisonment without discussing all of the factors set out in 18 U.S.C. § 3553(a) and without explaining how those factors applied to the particular facts of his case. However, the record demonstrates that the court sentenced Phillips to the minimum sentence allowed by statute, which also was the sentence that Phillips requested. Phillips also waived his right to appeal his sentence.

Phillips also argues that his sentence was substantively unreasonable. However, he received a within-Guidelines sentence, which is presumed reasonable by this Court, and the lowest sentence the court was authorized to impose.

## ARGUMENT

**THE DISTRICT COURT' S SENTENCE IS PROCEDURALLY AND SUBSTANTIVELY UNREASONABLE**.

A.   **STANDARD OF REVIEW**

This Court reviews sentences for reasonableness, applying an abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Pauley*, 511 F.3d 468, 473 (4th Cir. 2007).

7

B.   **DISCUSSION**

1.   **Procedural Reasonableness**

In *Gall*, the Supreme Court explained that, before evaluating the substantive reasonableness of a sentence, a reviewing court "must first ensure that the district court committed no significant procedural error." 552 U.S. at 51; *see also United States v. Evans*, 526 F.3d 155, 161 (4th Cir.), *cert. denied*, 129 S. Ct. 476 (2008) (same). Such errors include failing to properly calculate the Guidelines range, treating the Guidelines as mandatory, failing to consider the sentencing factors enumerated in 18 U.S.C. § 3553(a), selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence, including failing to explain any deviation from the Guidelines range. *Evans*, 526 F.3d at 161 (quoting *Gall*, 552 U.S. at 51).

Thus, while all sentencing proceedings must begin with a correct calculation of the applicable Guidelines range, the Guidelines are only a starting point. After determining the Guidelines range, the district court must give both parties "an opportunity to argue for whatever sentence they deem appropriate," must "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party," and "may not presume that the Guidelines range is reasonable." *Gall*, 552 U.S. at 49-50 (citing *Rita v. United States*, 551 U.S. 338, 351 (2007)). After determining the appropriate sentence, the district court "must

8

adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id.* at 50 (citing *Rita*, 551 U.S. at 357-58). Failing to adequately explain the chosen sentence constitutes a "significant procedural error." *Id.*

In *United States v. Carter*, this Court explained that *Gall* requires the district court to "apply the relevant § 3553(a) factors to the specific circumstances of the case before it." 564 F.3d 325, 328 (2009). "Moreover, the district court must 'state in open court' the particular reasons supporting its chosen sentence." *Id.* (quoting 18 U.S.C. § 3553(c) (2006)). And, where a defendant has presented "'nonfrivolous reasons for imposing a different sentence' than that set forth in the advisory Guidelines, a district judge should address the party's arguments and 'explain why he has rejected those arguments.'" *Id.* (quoting *Rita*, 551 U.S. at 357).

In Phillips' case, the district court properly calculated the total offense level, the criminal history category, and the applicable Guidelines range. However, the court did not mention each of the 3553(a) factors in giving its sentence. After Phillips had made his sentencing argument, the court stated:

> very briefly, before I impose sentence in this case, I want to put on the record how I applied the statutory sentencing factors under Section 3553(a) with regard to this case. Obviously, in a case such as this where there is a mandatory minimum and a very narrow sentencing range my options are fairly limited, but even with that

9

> limited range, in light of the seriousness of the offense and to promote respect for the law and to afford deterrence from criminal conduct, not just for this defendant but for others who may be observing the way our court system works, I believe that a sentence within the guideline range is appropriate and does fulfill the requirements or the purposes of the sentences under 3553(a).

Transcript of Sentencing Hearing (Doc. # 27) at 16-17.

The court did not mention each of the sentencing factors set out in 18 U.S.C. § 3553(a)(6). However, in *United States v. Hernandez*, this Court upheld an explanation as limited as the one given by the court in sentencing Phillips. ___ F.3d ___, 2010 WL 1695606 at *4 (4th Cir. Apr. 27, 2010). In *Hernandez*, after the defendant requested a sentence at the low end of the guideline range, the district court sentenced the defendant to the low end of that range, stating merely "that it believed that the purposes of 18 U.S.C. § 3553(a) 'are accomplished with a guideline sentence, therefore, the court will impose a guideline sentence.'" 2010 WL 1695606 at *1. Phillips' argument is not distinguishable from the argument made by the defendant in *Hernandez* and rejected by this Court. Additionally, Phillips' right to appeal this issue is waived by his plea agreement.

### 2. **Substantive Reasonableness**

*Gall* requires that, in evaluating substantive reasonableness, the reviewing court must

> take into account the totality of the circumstances, including the extent of any variance from the Guidelines range. If the sentence is

10

within the Guidelines range, the appellate court may, but is not
required to apply a presumption of reasonableness.

*Evans*, 526 F.3d at 161-62 (quoting *Gall*, 128 S. Ct. at 597). As permitted by *Gall*, this Court applies a presumption of reasonableness to within-Guidelines sentences. *United States v. Go*, 517 F.3d 216, 218 (4th Cir. 2008).

Phillips contends that his 120-month sentence is substantively unreasonable, because it is greater than necessary

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2) (2009). However, the district court sentenced Phillips to a within-Guidelines sentence, which is presumed reasonable under *Go*, and Phillips' sentence was the lowest sentence the court could lawfully impose. Phillips cannot establish that the district court was unreasonable in sentencing him at the low end of the applicable Guidelines range, particularly when the low end is established by statute. Additionally, Phillips has waived his right to appeal this issue.

## **CONCLUSION**

Phillips respectfully asks the Court of Appeals for the Fourth Circuit to review the record carefully to determine if there are issues of merit which may be

11

raised and which would warrant the Court's vacating the judgment and remanding the case to the district court for future disposition.

This, the 18th day of May, 2010.

                                     Claire J. Rauscher, Executive Director
                                     Federal Defenders of
                                     Western North Carolina, Inc.

                                     /s/ Ann L. Hester
                                     *Ann L. Hester
                                     Fredilyn Sison
                                     Assistant Federal Defenders
                                     129 W. Trade Street, Suite 300
                                     Charlotte, NC 28202
                                     (704) 374-0720
                                     Counsel for Appellant
                                     *Counsel of Record

## **CERTIFICATE OF COMPLIANCE**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [ X ] this brief contains *2,616* words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [   ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [ X ] this brief has been prepared in a proportionally spaced typeface using *Corel WordPerfect* in *14pt Times New Roman*; *or*

   [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: May 18, 2010                          /s/ Ann L. Hester
                                             *Counsel for Appellant*

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 18th day of May, 2010, I caused this Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Amy E. Ray
> OFFICE OF THE U.S. ATTORNEY
> United States Courthouse
> 100 Otis Street, Room 233
> Asheville, North Carolina  28801
> (828) 271-4661
>
> *Counsel for Appellee*

I further certify that on this 18th day of May, 2010, I caused the required number of bound copies of the foregoing Brief of Appellant to be hand-filed with the Clerk of this Court and for one copy of the same to be served, via UPS Ground Transportation, to all case participants, at the above listed address.  A copy of the brief has also been served, via U.S. Mail, postage prepaid, upon:

> Mr. Randy Cecil Phillips
> Reg. # 22435-058
> FCI Victorville Medium I
> Federal Correctional Institution
> Post Office Box 5300
> Adelanto, California  92301
>
> *Appellant*

/s/ Ann L. Hester
*Counsel for Appellant*